IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| FRANKENMUTH MUTUAL INSURANCE COMPANY, Plaintiff, | ) ) ) ) | |
| v. | ) ) | CIVIL ACTION: 1:20-00596-KD-N |
| GATES BUILDERS, *et al.,* Defendants. | ) ) ) | |

**ORDER**

This matter is before the Court on a motion to dismiss filed by the Defendants (Doc. 26, 29), Plaintiff's Response (Doc. 34), the Report and Recommendation (Doc. 42),[1] and Plaintiff's objection (Doc. 45).

On December 15, 2020, Frankenmuth Mutual Insurance Company (Frankenmuth) initiated this action by filing a complaint for a declaratory judgment (as amended) against its insureds Gates Builders, Inc. and Kenneth J. Gates (the Gates Defendants), and Resort Conference Centre, Gulf Shores Plantation Condominium Association, Inc. (the Condo Association). (Docs. 1, 7). The operative Complaint (Doc. 7) seeks a declaration of rights as to Frankenmuth's duty to defend and indemnify the Gates Defendants in a civil action pending in the Circuit Court of Baldwin County, Alabama, *Resort Conference Center, Gulf Shores Plantation Condominium Association vs. Gates Builders, Inc. Kenneth J. Gates, et al.*, CV-2020-900896 (the underlying action) based on a commercial general liability and umbrella insurance policy (Policy No. CPP 666135) (the policy). Specifically, in the underlying action, the Condo Association sued the Gates Defendants (and others) alleging that the construction work they performed was faulty and damaged the property. From this, the Condo Association asserted claims

---

1 The Court declines to adopt the Report & Recommendation.

1

against the Gates Defendants (and others) for negligence, wantonness, breach of warranty, breach of contract/third party beneficiary, misrepresentation and/or suppression, and violation of the *Magnuson-Moss Warranty Act*, 15 U.S.C. § 2301 *et seq*. (Doc. 7-1).  Frankenmuth has been, and is, providing a defense for its insureds the Gates Defendants under the policy and pursuant to a reservation of rights.

Presently, Defendants move to dismiss this action based on the *Declaratory Judgment Act* (28 U.S.C. § 2201) and the Wilton–Brillhart abstention doctrine.[2]  In response, Frakenmuth contends that abstention does not apply because there is not a parallel court action.  In the insurance context, and as this Court noted in Employers Mut. Cas. Co. v. Kenny Hayes Custom Homes, LLC, 101 F.Supp.3d 1186, 1189-1190 (S.D Ala. 2015): "[f]or purposes of Wilton/Brillhart abstention, "[s]uits are parallel if substantially the same parties litigate substantially the same issues in different forums." ...When a declaratory judgment action is brought by an insurer against an insured, there are no parallel proceedings if "(1) the insurer was not a party to the suit pending in state court; and (2) the state court actions involved issues regarding the insured's liability, whereas the federal suit involved matters of

---

2 As summarized in Great Lakes Inc. SE v. Dunklin, 2021 WL 27688, *5 (S.D. Ala. Jan 4. 2021):

> This species of abstention is designed to assist district courts in balancing state and federal actions in determining whether to exercise their discretion to make a declaration of rights under the Declaratory Judgment Act. *See* Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1330-31 (11th Cir. 2005). Indeed, *Wilton* was a case in which the Supreme Court "characterized the Declaratory Judgment Act as an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." Wilton v. Seven Falls Co., 515 U.S. 277, 287 ... (1995) (citations omitted). Likewise, *Brillhart* was a case in which the Supreme Court opined that it would be "uneconomical" and "vexatious" for a federal district court to hear a declaratory judgment action, concurrently with ongoing proceedings involving the same parties and same legal issues (not arising under federal law) in state court. Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 495 ... (1942). When the Eleventh Circuit considered these two Supreme Court decisions together in *Ameritas*, it "furnished district courts with guidance in how to wield their *Wilton* / *Brillhart* discretion under the Declaratory Judgment Act in the presence of parallel state proceedings." Pennsylvania Nat'l Mut. Cas. Ins. Co. v. King, 2012 WL 280656, *3 (S.D. Ala. Jan. 30, 2012).

insurance coverage." ...").³  Stated simply: "[b]ecause the state court action involves issues regarding ..... liability, and [the insurer's].... declaratory judgment action concerns only ..... insurance coverage, the state court action cannot be considered 'parallel.' .... For these reasons, abstention is not appropriate[]"(internal citations omitted)). Great American Alliance Company v. Bravo Food Service LLC, 2019 WL 6219143, *6 (N.D. Ala. Nov. 21, 2019). See also e.g., FCCI Ins. Co. v. Flood et al., CV 1:20-00219-KD-MU (S.D. Ala. Feb. 5, 2021) (Doc. 29).

Frankenmuth is not a party to the underlying action and that action involves issues surrounding the Gates Defendants' liability, not insurance coverage.  In sum, as noted in Kenny Hayes, *supra* at 1190: "[w]hat exists here are not parallel state court proceedings, but merely related state court proceedings. See *Essex Ins. Co. v. Foley,* 2011 WL 290423, at *2 (S.D. Ala. Jan. 27, 2011). This lack of parallelism weighs strongly against this Court's dismissal of the declaratory judgment action."). Thus, it is **ORDERED** that Defendants' motion to dismiss (Doc. 26, 29) is **DENIED.**

**DONE** and **ORDERED** this the **1st** day of **June 2021.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

3 See also e.g., Pennsylvania Nat. Mut. Cas. Ins. Co. v. King, 2012 WL 280656, 3-4 (S.D. Ala. Jan. 30, 2012) ("considerable precedent supports the notion that a *Wilton/Brillhart* analysis does not even apply in the absence of parallel litigation....'[s]uits are parallel if substantially the same parties litigate substantially the same issues in different forums.' ..... *Essex Ins*. *Co*. *v*. *Foley*, 2011 WL 290423, *2 n. 4 (S.D. Ala. Jan. 27, 2011) ('Where the declaratory judgment action is brought by an insurer against an insured, there are no parallel proceedings if (1) the insurer was not a party to the suit pending in state court; and (2) the state court actions involved issues regarding the insured's liability, whereas the federal suit involved matters of insurance coverage.') (citation and internal quotation marks omitted). Here, of course, ...[the insurer] is not a party to the ...[state court] litigation, which involves issues concerning .... liability ... as opposed to the insurance coverage issues presented in this action. Substantially the same parties are not litigating substantially the same issues in both federal and state courts. As there is plainly no parallel litigation, the .... *Wilton/Brillhart* analysis is flawed from its inception[]").